■ DIANA LEICHT, Appellant, v TOWN OF NEWBURGH WATER DISTRICT, Respondent. (Action No. 1.) DOREEN THAYER, Appellant, v TOWN OF NEWBURGH WATER DISTRICT, Respondent. (Action No. 2.) [624 NYS2d 506] —In two consolidated actions to recover damages for negligence, the plaintiffs appeal, by permission, from so much of an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated July 30, 1992, as modified a judgment of the Justice Court, Town of Newburgh, Orange County (Darrigo, J.), entered April 12, 1991, by reducing the damages awarded to the plaintiff Doreen Thayer from the sum of $1,136 to $63.70, and reducing the award to the plaintiff Diana Leicht from the sum of $981 to $0.

Ordered that the order of the Appellate Term is reversed insofar as appealed from, on the law, with costs, and the judgment of the Justice Court which awarded the plaintiff Doreen Thayer the sum of $1,136 and awarded the plaintiff Diana Leicht the sum of $981 is reinstated.

In two consolidated actions against the Town of Newburgh Water District (hereinafter the Water District), the plaintiffs sought to recover for damages caused by impure water which the Water District supplied to their homes. The trial court found that the Water District had failed to exercise reasonable care and awarded damages. On appeal, the Appellate Term upheld the finding of negligence as well as the damage award with respect to the plaintiff Thayer's cost of replacing stained clothing, but vacated awards to the plaintiffs to compensate them for the cost of testing the water, and subsequently purchasing bottled water and installing water filters in their homes. The only issue raised on appeal is whether the plaintiffs were legally entitled to recover damages for these costs.

Pursuant to the doctrine of "avoidable consequences", the plaintiffs were entitled to recover for mitigation costs associated with their reasonable attempts to minimize their injuries stemming from the Water District's negligent conduct *(see, Ellerman Lines v Steamship President Harding,* 288 F2d 288, 290; 4 Harper, James and Gray, Torts § 25.4, at 517-519 [2d ed 1986]; *see also, Kusnir v City of Yonkers,* 131 Misc 2d 25). Therefore, the Appellate Term erred in finding that the damages awarded to the plaintiffs relating to the costs of water tests, the purchase of bottled water, and the installation of water filters could not be recovered as a matter of law. Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.